1   KEKER, VAN NEST & PETERS LLP
    JAN NIELSEN LITTLE #100029
2   jlittle@keker.com
    CODY S. HARRIS #255302
3   charris@keker.com
    JACQUIE P. ANDREANO #338354
4   jandreano@keker.com
    633 Battery Street
5   San Francisco, CA 94111-1809
    Telephone:   415 391 5400
6   Facsimile:   415 397 7188

7   Attorneys for Defendant SOUTHERN GLAZER'S
    WINE AND SPIRITS, LLC
8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                         SOUTHERN DIVISION
11

12  ROMA MIKHA, INC. (d/b/a              Case No. 8:22-cv-01187-FWS-ADS
    NEWPORT WINE & SPIRIT); NMRM,
13  INC. (d/b/a SUNSET MARKET &          **DEFENDANT SOUTHERN**
    LIQUOR); M&Y FAMILY, INC. (d/b/a     **GLAZER'S WINE AND SPIRITS,**
14  MIKE'S LIQUOR & MARKET); F&D         **LLC'S NOTICE OF MOTION AND**
    SANTEE MARKET, INC. (d/b/a           **MOTION TO STAY DISCOVERY;**
15  SANTEE MARKET & LIQUOR); and         **MEMORANDUM OF POINTS AND**
    TIMES MARKET AND LIQUOR,             **AUTHORITIES IN SUPPORT**
16  INC.,                                **THEREOF**

17                 Plaintiffs,           Date:      December 1, 2022
                                         Time:      10:00 a.m
18        v.                             Dept:      Courtroom 10D
                                         Judge:     Hon. Fred W. Slaughter
19  SOUTHERN GLAZER'S WINE AND
    SPIRITS, LLC,                        Date Filed:   June 19, 2022
20                                       2d Am. Complaint Filed: Sept. 19, 2022
                   Defendant.
21                                       Trial Date:  Not yet Set

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

I.    INTRODUCTION.....................................................................................1

II.   BACKGROUND.......................................................................................2

III.  LEGAL STANDARD ..............................................................................3

IV.   ARGUMENT ............................................................................................5

    A.    The pending motion would dispose of all of Plaintiffs' claims. ...................................................................................5

    B.    Discovery is unnecessary to resolve the pending motion....................5

    C.    The balance of harms favors a stay.......................................................6

V.    CONCLUSION .........................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Andrus v. D.R. Horton, Inc.*,
  2012 WL 1971326 (D. Nev. June 1, 2012) .............................................. 4, 5, 6, 7

*Carroll v. United States*,
  116 F.3d 1485, 1997 WL 341868 (9th Cir. June 19, 1997) ................................. 3

*Galaxia Elecs. Co. v. Luxmax, U.S.A.*,
  2017 WL 11566394 (C.D. Cal. Dec. 28, 2017) ...................................... 1, 4, 6, 7

*Gaspar v. AT&T Mobility, LLC.*,
  2010 WL 4643277 (C.D. Cal. June 28, 2010) ....................................................... 5

*Hill v. Asset Acceptance, LLC*,
  2014 WL 1289578 (S.D. Cal. Mar. 27, 2014) ...................................................... 4

*Intertec Contracting v. Turner Steiner Int'l, S.A.*,
  2001 WL 812224 (S.D.N.Y. July 18, 2001) ......................................................... 4

*Jones v. Deutsche Bank AG*,
  2007 WL 951811 (N.D. Cal. Mar. 28, 2007) .................................................... 4, 7

*Little v. City of Seattle*,
  863 F.2d 681 (9th Cir. 1998) ............................................................................... 3

*Mahamedi IP L., LLP v. Paradice & Li, LLP*,
  2017 WL 2727874 (N.D. Cal. Feb. 14, 2017) ................................................. 1, 4

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*,
  357 F.Supp.2d 1277 (D. Colo. 2004) .................................................................. 4

*Mundi v. Union Sec. Life Ins. Co.*,
  2007 WL 2385069 (E.D. Cal. Aug. 17, 2007) ..................................................... 4

*Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*,
  2019 WL 8108745 (C.D. Cal. Nov. 14, 2019) ............................................. 3, 5, 6

*Rodriguez v. Robbins*,
  2010 WL 11622792 (C.D. Cal. Nov. 17, 2010) ................................................... 3

ii

*Ross v. Bank of Am., N.A.*,
  2006 WL 36909 (S.D.N.Y. Jan. 6, 2006) ................................................................ 4

*Spearman v. I Play, Inc.*,
  2018 WL 1382349 (E.D. Cal. Mar. 19, 2018) ...................................................... 3

*Steiner v. Apple Computer, Inc.*,
  2007 WL 4219388 (N.D. Cal. Nov. 29, 2007) ................................................. 4, 7

**Rules**

Federal Rule of Civil Procedure 26 .......................................................................... 1

C.D. Cal. Civ. L.R. 7-3 ................................................................................................ 1

# **NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 1, 2022, at 10:00 a.m. in Courtroom 10D – 2nd Floor, 411 West 4th Street, Santa Ana, California, before the Honorable Fred W. Slaughter, Defendant Southern Glazer's Wine and Spirits, LLC ("Southern") will and hereby does move for a stay of discovery in this case, as well as a stay of the parties' obligations under Federal Rule of Civil Procedure 26, pending the Court's ruling on Southern's Motion to Compel Arbitration and Stay, or, in the alternative, Transfer. This motion is based upon this Notice; the following Memorandum of Points and Authorities; the accompanying Declaration of Cody S. Harris ("Harris Decl.") and the exhibits attached hereto; the accompanying Declarations of Catherine Chao-Thompsen ("Chao-Thompsen Decl.") and Manuel Marcial ("Marcial Decl.") attached to Defendant's concurrently filed Motion to Compel Arbitration and Stay, or, in the alternative, Transfer and the exhibits attached thereto; the complete files and records in this action; the argument of counsel; and such other matters as the Court may consider. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 26, 2022.

Dated: November 3, 2022            KEKER, VAN NEST & PETERS LLP


By: /s/ *Cody S. Harris*
JAN NIELSEN LITTLE
CODY S. HARRIS
JACQUIE P. ANDREANO

Attorneys for Defendant SOUTHERN
GLAZER'S WINE AND SPIRITS, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION[1]

In its contemporaneously filed Motion to Compel Arbitration, Defendant Southern Glazer's Wine and Spirits ("Southern") has demonstrated why this action must be referred to binding arbitration pursuant to the parties' contractual arbitration provisions or, in the alternative, transferred pursuant to the parties' forum-selection clause. *See* Dkt. 30 Def.'s Mot. to Compel Arbitration, or, in the alternative, Transfer ("Motion"). Despite having improperly invoked this Court's jurisdiction—and while Southern's potentially dispositive motion is pending—Plaintiffs[2] have filed broad discovery requests, seeking information through discovery mechanisms that may be unavailable to them in arbitration and which would defeat the purpose of the parties' arbitration agreements. But there is no urgent need for discovery while the Court considers and decides Southern's Motion. In fact, "courts in this Circuit routinely grant motions to stay discovery" while a motion to compel arbitration is pending. *Galaxia Elecs. Co. v. Luxmax, U.S.A.*, 2017 WL 11566394, at *2 (C.D. Cal. Dec. 28, 2017). The rule is applied nearly as a matter of course in this Circuit and beyond because "unless discovery is stayed" pending adjudication, the defendant "will forever lose the advantages of arbitration—speed and economy." *Mahamedi IP L., LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017). To proceed with costly and burdensome discovery before the Court decides Southern's Motion would needlessly waste the Court's and the parties' resources; all discovery issues and disputes will come before the arbitrator.

Southern expects Plaintiffs to argue that there is no good cause to stay discovery, but the legion of cases staying discovery under precisely this scenario

---

[1] In all quotations herein, internal quotation marks and citations have been omitted, and emphases added, unless otherwise noted.

[2] Plaintiffs' d/b/a's are Newport Wine & Spirits, Sunset Market & Liquor, Mike's Liquor & Market, Santee Market & Liquor, and Times Market and Liquor.

say otherwise. Moreover, Plaintiffs will suffer no prejudice if the Court enters a brief stay of discovery while it considers Southern's motion to compel arbitration. On the other hand, forcing Southern to contend with Plaintiffs' discovery requests would deprive Southern of the benefit of its arbitration provisions. To avoid that unfairness, to conserve the parties' resources, and to promote judicial economy, Southern respectfully requests a stay of discovery until the Court rules on its concurrently filed Motion.

## II.    BACKGROUND

Plaintiffs sued Southern in this Court in a putative class action, alleging violations of the Robinson-Patman Act, the California Unfair Practices Act, and the California Unfair Competition Law. *See* Dkt. 26. But, as Southern has made clear to Plaintiffs, they have improperly invoked this Court's jurisdiction because each Plaintiff entered into two agreements through Southern's online customer-relationship portal, "Proof"—the Terms of Use and Terms of Sale (collectively, the "Proof Contract"). *See generally* Motion at 12-14. Three of the five named Plaintiffs also entered into a separate agreement through Southern Wine Online ("SWO") which also contained a broad arbitration clause covering their claims in this action. *See id.* By acceding to these contracts, Plaintiffs agreed to arbitrate their claims and waived their right to participate in a class action against Southern.[3]

On October 18, 2022, Plaintiffs served a "First Set of Interrogatories" and "First Set of Requests for Production" on Southern, pursuant to the federal rules of civil procedure. *See* Decl. of Cody S. Harris ("Harris Decl.") ¶ 4, Exs. A, B. The discovery requests seek broad-ranging discovery from Southern, including the identification of "each Independent Retailer" to whom Southern has made a sale, "each retail location in California of each National Chain Retailer" to which

---

[3] Plaintiffs also agreed to a forum-selection clause contained within the Proof Contract, which requires that any legal action be brought in Florida. *See* Motion at 22-25.

Southern has made a delivery, descriptions of every discount or service that Southern offers its customers, and "[a]ll [c]ommunications" between Southern and its customers "relating to the pricing of Spirits[.]" *Id.* Southern has told Plaintiffs that it objects to all discovery in light of its view that this action is subject to the parties' arbitration agreements. *Id.* ¶ 5. Southern requested that Plaintiffs stipulate to a brief stay of discovery while its Motion was pending and provided Plaintiffs with legal authority demonstrating that a stay is warranted in these circumstances. *See id.* Because Plaintiffs refused to so stipulate, this motion followed.[4]

## III.   LEGAL STANDARD

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1998). "A stay of discovery pending the resolution of another issue is proper if discovery would not affect a decision on that issue." *Carroll v. United States*, 116 F.3d 1485 (Table), 1997 WL 341868, at *1 (9th Cir. June 19, 1997).

In exercising their discretion, courts in the Ninth Circuit often apply a two-pronged test, finding good cause exists where "(1) the pending motion [is] potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed, and (2) the pending, potentially dispositive motion can be decided absent additional discovery." *Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019) (internal quotation marks omitted); *Spearman v. I Play, Inc.*, 2018 WL 1382349, at *1 (E.D. Cal. Mar. 19, 2018); *see also Rodriguez v. Robbins*, 2010 WL 11622792, at *1 (C.D. Cal. Nov. 17, 2010).

Because those factors are readily met in the context of motions to compel arbitration, "courts in this Circuit routinely grant motions to stay discovery" when a

---

[4] To obviate the need for an order shortening time on this motion, Plaintiffs did agree to extend the amount of time for Southern to respond to its discovery requests to December 19, 2022. *See* Harris Decl. ¶ 6.

motion to compel arbitration is pending. *Galaxia Elecs. Co. v. Luxmax, U.S.A.*, 2017 WL 11566394, at *2 (C.D. Cal. Dec. 28, 2017) (listing cases). The practice is common, uncontroversial, and overwhelmingly applied in this district, this Circuit, and around the country. *See, e.g.*, *Mahamedi*, 2017 WL 2727874, at *1 ("Courts routinely grant stays under similar circumstances."). "Indeed, this is a common practice while motions to compel are pending." *Steiner v. Apple Computer, Inc.*, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007).[5]

Courts stay discovery in such circumstances because "[i]f the motion to compel arbitration is granted and the 'dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators.'" *Andrus v. D.R. Horton, Inc.*, 2012 WL 1971326, at *3 (D. Nev. June 1, 2012) (quoting *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002)). That being so, requiring "the parties to proceed with the action pending a ruling on the motion to compel arbitration and any appeal thereof would cause the party seeking to enforce the arbitration clause to be 'deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes.'" *Id.* (quoting *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)). Courts therefore regularly conclude that it is "in the interest of conserving the resources of the

---

[5] *See also, e.g.*, *Hill v. Asset Acceptance, LLC*, 2014 WL 1289578, at *2 (S.D. Cal. Mar. 27, 2014) ("[I]n light of the pending motion to compel arbitration, the Court finds it appropriate to STAY discovery in this case and VACATE all future pretrial deadlines."); *Mundi v. Union Sec. Life Ins. Co.*, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) ("[T]he parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration."); *Jones v. Deutsche Bank AG*, 2007 WL 951811, at *1 (N.D. Cal. Mar. 28, 2007) ("[I]ssues of policy and expediency . . . ordinarily support" granting a motion to stay discovery pending a ruling on a defendant's motion to compel arbitration); *Ross v. Bank of Am., N.A.*, 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) ("In view of the threshold issues concerning arbitration, this Court concludes that a stay of discovery is appropriate."); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F.Supp.2d 1277, 1281 (D. Colo. 2004) (issuing stay of "all discovery and pretrial scheduling" pending resolution of motion to compel arbitration); *Intertec Contracting v. Turner Steiner Int'l, S.A.*, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court.").

parties and the court to stay discovery . . . pending a determination of the motion to compel arbitration." *Id.*

## IV.  ARGUMENT

The Court should follow the overwhelming precedent holding that a stay of discovery is warranted while a motion to compel arbitration is pending. As explained below, Southern's Motion will dispose of the entire case, and no discovery is necessary to resolve that Motion. *See Quezambra*, 2019 WL 8108745, at *2. Moreover, the equities favor staying discovery—Plaintiffs will in no way be prejudiced if the Court stays discovery, while Southern will be irreparably harmed if it does not.

### A.    The pending motion would dispose of all of Plaintiffs' claims.

Southern's pending Motion will dispose of this case, sending Plaintiffs' claims to arbitration. As demonstrated above, district courts in the Ninth Circuit and beyond have held not only that a stay of discovery is appropriate while a motion to compel arbitration is pending, but also that staying discovery in such circumstances is the default rule. *See* Part III, *supra.* There is no reason for this Court to depart from that rule here. As this Court has explained, "the entire point of an arbitration clause is to free contracting parties from the burden of litigation." *Gaspar v. AT&T Mobility, LLC.*, 2010 WL 4643277, at *1 (C.D. Cal. June 28, 2010). If discovery proceeds while a motion to compel arbitration is pending "and later [the claims are] found to be arbitrable," the party advancing arbitration "would have suffered the irreparable harm of being forced to litigate in the meantime." *Id.*

Here, because Plaintiffs' claims are subject to arbitration, proceeding with discovery in this forum during the pendency of Southern's Motion would needlessly waste the Court's and the parties' resources and would deprive Southern of the benefit of its arbitration agreements.

### B.    Discovery is unnecessary to resolve the pending motion.

The pending motion can be "decided absent additional discovery."

5

1   *Quezambra*, 2019 WL 8108745, at *2. The discovery Plaintiffs seek is not aimed at

2   the Proof Contract or SWO Contract that are at issue in the pending Motion.

3   Instead, Plaintiffs broadly seek documents related to the merits of the claims

4   brought on behalf of absent purported class members. For example, the requests

5   seek the identification of "each Independent Retailer" to whom Southern has made

6   a sale, "each retail location in California of each National Chain Retailer" to which

7   Southern has made a delivery, descriptions of every discount or service that

8   Southern offers its customers, and "[a]ll [c]ommunications" between Southern and

9   its customers "relating to the pricing of Spirits[.]" Harris Decl. ¶ 4, Exs. A, B.

10        Any documents produced pursuant to Plaintiffs' requests will have no

11   bearing on the parties' agreement to arbitrate their claims or their agreement to

12   bring suit in Florida. Indeed, Plaintiffs' have conceded in their second amended

13   complaint that they agreed to the Proof Contract via Southern's "online portal

14   called 'Proof[.]'" Dkt. 26, Second Am. Compl. ¶ 27. Thus, the only information

15   relevant to Southern's Motion is the Proof Contract and its predecessor, the SWO

16   Contract, both of which Southern attached as exhibits to the contemporaneously

17   filed Declaration of Catherine Chao-Thomsen. Because Plaintiffs' discovery is in

18   no way tailored to the issues presented in the Motion, a stay is proper. *See Andrus*,

19   2012 WL 1971326, at *3 (explaining that "[s]ince plaintiff's discovery plan and

20   scheduling order . . . did not propose limiting the scope of discovery to matters

21   related to the 'making and performance of the agreement to arbitrate,' staying

22   discovery pending a ruling on the motion to compel arbitration . . . is warranted").

23        **C.    The balance of harms favors a stay.**

24        A stay of discovery will conserve the resources of the Court and parties. If

25   the motion to compel arbitration is granted, "responsibility for the conduct of

26   discovery will lie with the arbitrators." *Galaxia*, 2017 WL 11566394, at *2. As the

27   Court explained in *Galaxia*, staying discovery pending a determination of whether

28   the dispute is arbitrable thus "furthers the goals of efficiency for the courts and

6

litigants." *Id.* Myriad other courts have reached the same conclusion. *See, e.g.*, *Steiner*, 2007 WL 4219388, at *1; *Jones*, 2007 WL 951811, at *1; *Andrus*, 2012 WL 1971326, at *3.

Moreover, Plaintiffs can identify no plausible prejudice that they will suffer as a result of any delay in seeking discovery. This litigation remains in its infancy, and Plaintiffs will be in the same position to prosecute their claims after the motion is resolved as they are now. To be sure, Plaintiffs sought and obtained an aggressive and unworkable case schedule over Defendants' express objection. But, as Southern has repeatedly informed Plaintiffs, it makes no sense and would prejudice Southern to force it to engage in expensive federal court discovery when these claims may (and should) be sent where they belong—to binding arbitration.

In contrast to Plaintiffs—whose only purported prejudice comes from the unworkable schedule they insisted upon—Southern will suffer significant prejudice if required to respond to merits discovery at this time. Southern will be forced to extend time and resources responding to broad-ranging discovery requests served in the wrong forum. And depending on when the Court's ruling on Southern's Motion is issued, the Court may be asked to make rulings regarding the proper scope and substance of discovery before it even determines whether Plaintiffs' claims are properly before it (they are not).

The most efficient and equitable way forward is to stay discovery temporarily until the Court decides the pending motion, as the overwhelming majority of courts to consider such requests have done.

## V.   CONCLUSION

For the foregoing reasons, Southern respectfully requests that the Court stay discovery until it decides Southern's concurrently filed Motion to Compel Arbitration and Stay or, in the alternative, Transfer.

1   Dated: November 3, 2022                KEKER, VAN NEST & PETERS LLP

2

3                                    By:  /s/ *Cody S. Harris*

4                                         JAN NIELSEN LITTLE
                                          CODY S. HARRIS
5                                         JACQUIE P. ANDREANO

6                                         Attorneys for Defendant SOUTHERN
                                          GLAZER'S WINE AND SPIRITS, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28