Ashok Ramani (SBN 200020)
  ashok.ramani@davispolk.com
Neal Potischman (SBN 254862)
  neal.potischman@davispolk.com
Serge A. Voronov (SBN 298655)
  serge.voronov@davispolk.com
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Tel:   (650) 752-2000
Fax:   (650) 752-2111

KIRKLAND & ELLIS LLP
Tammy A. Tsoumas (SBN 250487)
  ttsoumas@kirkland.com
2049 Century Park East, Suite 3700
Los Angeles, California 90067
Tel:   (310) 552-4334

*Counsel for Defendant Southern Glazer's Wine and Spirits, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMA MIKHA, INC. (d/b/a NEWPORT WINE & SPIRIT); NMRM, INC. (d/b/a SUNSET MARKET & LIQUOR); M&Y FAMILY, INC. (d/b/a MIKE'S LIQUOR & MARKET); F&D SANTEE MARKET, INC. (d/b/a SANTEE MARKET & LIQUOR); and TIMES MARKET AND LIQUOR, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHERN GLAZER'S WINE AND SPIRITS, LLC, <br><br> Defendant. | Case No. 8:22-cv-01187-FWS-ADS <br><br> **SOUTHERN GLAZER'S WINE AND SPIRITS, LLC'S ANSWER TO PLAINTIFF M&Y FAMILY, INC.'S SECOND AMENDED CLASS ACTION COMPLAINT** <br><br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This is the latest in a series of cases filed by Plaintiffs' counsel involving alleged violations of the Robinson-Patman Act, 15 U.S.C. § 13—a little known federal antitrust statute that has not been used by a government antitrust enforcer in almost a quarter century. In dusting off this Depression-era statute, Plaintiffs seek to stamp out alleged discounts and services offered to so-called "national chain" retailers that make alcohol beverages more affordable for consumers in the highly regulated California market. Plaintiffs' federal claims and tag-along state claims suffer from basic legal and factual defects, and no relief is warranted either on the individual claims or class claims in this case. Worse, if Plaintiffs do prevail, it will be at the expense of consumers, who ultimately will pay higher prices to pad the margins of Plaintiffs and proposed class members.

Few statutes have been met with as much skepticism as the Robinson-Patman Act. Judicial and other commentators have observed that "precision of expression is not an outstanding characteristic of the Robinson-Patman Act," *Automatic Canteen Co. of Am. v. FTC*, 346 U.S. 61, 65 (1953); *accord Boise Cascade Corp. v. FTC*, 837 F.2d 1127, 1138 (D.C. Cir. 1988); the Robinson-Patman Act "is the most awkwardly drafted of all antitrust legislation," a "roughly hewn, unfinished block of legislative phraseology," *Precision Printing Co. v. Unisource Worldwide, Inc.*, 993 F. Supp. 338, 345 (W.D. Pa. 1998) (quoting Jerrold G. Van Cise, et al., *Understanding the Antitrust Laws* 56 (9th ed. 1986)); and the Robinson-Patman Act is "antitrust's least glorious hour" and is the "misshapen progeny of intolerable draftsmanship coupled to wholly mistaken economic theory," Robert H. Bork, *The Antitrust Paradox* 382 (2d ed. 1993). Recognizing the potential friction between the Robinson-Patman Act and the usual considerations of antitrust law (like the best interests of consumers), the Supreme Court has warned early and often about "doctrinaire interpretations of the" Act "that could lead to conflict with the purposes of other antitrust legislation." *See Boise Cascade*, 837 F.2d at 1138 (citing

*Automatic Canteen*, 346 U.S. at 63; *Great Atl. & Pac. Tea Co., Inc. v. FTC*, 440 U.S. 69, 80 (1979); *United States v. Gypsum Co.*, 438 U.S. 422, 450-51 (1978)). The law therefore is clear that courts must read the Robinson-Patman Act "consistently with broader policies of the antitrust laws," *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 220 (1993), with an appropriate respect for state alcohol laws, *see* U.S. Const. amend. XXI, and in a manner that avoids "price uniformity and rigidity," *see Great Atl. & Pac.*, 440 U.S. at 80.

Plaintiffs' claims fail to do so, and Southern Glazer's Wine and Spirits, LLC ("SGWS") submits this Answer to the Second Amended Class Action Complaint (ECF No. 26).[1] Among other things, Plaintiffs seek to apply the Robinson-Patman Act far beyond its narrow jurisdictional limits; seek to target a distributor that makes its discounts functionally available to all; and fails to make any plausible allegations of *bona fide* price discrimination. Plaintiffs therefore are not entitled to relief, and SGWS will promptly move for judgment on the pleadings in light of the glaring defects in Plaintiffs' operative complaint. SGWS reserves the right to supplement or modify any portion of this Answer, including its affirmative defenses. SGWS's response to the allegations in any paragraph includes a response to any heading or footnote associated with that paragraph.

## JURISDICTIONAL STATEMENT

1. Paragraph 1 purports to state a legal conclusion, to which no response is required. To the extent a response is required, SGWS denies the allegations in Paragraph 1, except refers to 28 U.S.C. § 1331 for a full and accurate recitation of its contents. SGWS denies that the Court has subject-matter jurisdiction over this matter given Plaintiffs' failure to plausibly allege sales of alcohol that crossed

---

[1] Pursuant to the parties' Joint Stipulation to Modify Case Schedule (ECF No. 70) and the Court's Scheduling Order (ECF No. 71), until the resolution of Plaintiffs' collateral estoppel motion (ECF No. 73), SGWS will answer only as to Plaintiff M&Y Family, Inc. (d/b/a Mike's Liquor & Market) ("Mike's").

California state lines that satisfy the jurisdictional "in commerce" requirement of the Robinson-Patman Act. *See* 15 U.S.C. § 13(a).

2. Paragraph 2 purports to state a legal conclusion, to which no response is required. To the extent a response is required, SGWS denies the allegations in Paragraph 2, except refers to 28 U.S.C. § 1367 for a full and accurate recitation of its contents. SGWS denies that the Court has supplemental jurisdiction over Plaintiffs' state-law claims.

3. Paragraph 3 purports to state a legal conclusion, to which no response is required. To the extent a response is required, SGWS denies the allegations in Paragraph 3, except refers to 28 U.S.C. § 1391 for a full and accurate recitation of its contents. SGWS does not challenge personal jurisdiction.

4. Paragraph 4 purports to state a legal conclusion, to which no response is required. To the extent a response is required, SGWS denies Paragraph 4, except refers to General Order No. 349 for a full and accurate recitation of its contents. SGWS otherwise admits that Plaintiff Roma Mikha operates a store located in Newport Beach, California.

**INTRODUCTION**

5. Paragraph 5 purports to state a legal conclusion, to which no response is required. To the extent a response is required, SGWS denies Paragraph 5.

6. Denied, except SGWS admits that it was, at certain points within the 4 years preceding Plaintiffs' initiation of this action, the exclusive distributor in California for certain liquor brands including Hennessy, Tanqueray, Bacardi, Captain Morgan, Grey Goose, Jameson, and Johnnie Walker.

7. Denied.

8. SGWS admits that Plaintiffs seek the relief they state in Paragraph 8, but denies that Plaintiffs are entitled to such relief and otherwise deny any other allegations in Paragraph 8.

## STATUTORY BACKGROUND

9. Paragraph 9 purports to state a legal conclusion, to which no response is required. To the extent a response is required, SGWS denies Paragraph 9.

10. Paragraph 10 purports to state a legal conclusion, to which no response is required. To the extent a response is required, SGWS denies Paragraph 10.

11. Paragraph 11 purports to state a legal conclusion, to which no response is required. To the extent a response is required, SGWS denies Paragraph 11.

12. Paragraph 12 purports to state a legal conclusion, to which no response is required. To the extent a response is required, SGWS denies Paragraph 12.

13. Paragraph 13 purports to state a legal conclusion, to which no response is required. To the extent a response is required, SGWS denies Paragraph 13.

14. Paragraph 14 purports to state a legal conclusion, to which no response is required. To the extent a response is required, SGWS denies Paragraph 14.

15. Denied, except SGWS admits that Plaintiffs operate certain liquor stores in California.

## HARM TO COMPETITION

16. Denied. SGWS states that binding Supreme Court precedent instructs federal courts to "resist interpretation[s]" of the Robinson-Patman Act "geared more to the protection of existing ***competitors*** than to the stimulation of ***competition***." *See Volvo Trucks N. Am., Inc. v. Reeder-Simco GMC, Inc.*, 546 U.S. 164, 181 (2006) (emphasis in original).

17. Denied. SGWS states that binding Supreme Court precedent holds that the "inference" of competitive injury permitted by *FTC v. Morton Salt Co.*, 334 U.S. 37 (1948) is rebuttable and "may be overcome by evidence breaking the causal connection between [a] price differential and lost sales or profits." *See Falls City Industries, Inc. v. Vanco Beverage, Inc.*, 460 U.S. 428, 435 (1983).

18. Denied.

19. Denied.

4

## PARTIES

20. On March 30, 2023, the Court stayed the action "as to all parties and claims pending the result of arbitration." ECF No. 57 at 13. Plaintiff Roma Mikha, Inc. did not initiate an arbitration. Pursuant to the parties' Joint Stipulation to Modify Case Schedule (ECF No. 70) and the Court's Scheduling Order (ECF No. 71), SGWS files this answer only as to Plaintiff M&Y Family, Inc.

21. On March 30, 2023, the Court stayed the action "as to all parties and claims pending the result of arbitration." ECF No. 57 at 13. Plaintiff NMRM, Inc. did not initiate an arbitration. Pursuant to the parties' Joint Stipulation to Modify Case Schedule (ECF No. 70) and the Court's Scheduling Order (ECF No. 71), SGWS files this answer only as to Plaintiff M&Y Family, Inc.

22. SGWS admits that M&Y Family, Inc. is a California corporation and admits that Mike's Liquor & Market has a listed address in Oceanside, California. SGWS otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22.

23. On March 30, 2023, the Court stayed the action "as to all parties and claims pending the result of arbitration." ECF No. 57 at 13. F&D Santee Market, Inc. did not initiate an arbitration. Pursuant to the parties' Joint Stipulation to Modify Case Schedule (ECF No. 70) and the Court's Scheduling Order (ECF No. 71), SGWS files this answer only as to Plaintiff M&Y Family, Inc.

24. On March 30, 2023, the Court stayed the action "as to all parties and claims pending the result of arbitration." ECF No. 57 at 13. Times Market and Liquor, Inc. did not initiate an arbitration. Pursuant to the parties' Joint Stipulation to Modify Case Schedule (ECF No. 70) and the Court's Scheduling Order (ECF No. 71), SGWS files this answer only as to Plaintiff M&Y Family, Inc.

25. Admitted.

## FACTUAL ALLEGATIONS

### Plaintiffs' Business

26. Denied, except SGWS admits that its principal place of business is in Miami, Florida and that it was, at certain points within the 4 years preceding Plaintiffs' initiation of this action, the exclusive distributor in California for various liquor brands including Hennessy, Tanqueray, Bacardi, Captain Morgan, Grey Goose, Jameson, and Johnnie Walker. SGWS further admits that Plaintiffs have purchased liquor from SGWS and operate liquor stores, but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the Plaintiffs' description of their business operations and the business operations of members of the putative class contained in the first two sentences of paragraph 26. The third sentence of Paragraph 26 purports to state a legal conclusion, to which no response is required. To the extent a response to the third sentence of Paragraph 26 is required, SGWS lacks sufficient knowledge or information to form a belief as to the truth of the Plaintiffs' description of the manufacturing of the "liquor at issue."

27. Denied, except SGWS admits that Plaintiffs have purchased liquor directly from SGWS, but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the Plaintiffs' description of their business operations and the business operations of members of the putative class contained in the first sentence of Paragraph 27. SGWS further admits that it makes products available for purchase either via sales representatives or via its online "Proof" portal, which is available at shop.proof.com, and that purchases made through its Proof website, among other purchases, are subject to an arbitration clause.

28. Denied, except SGWS lacks sufficient knowledge or information to form a belief as to the truth of Plaintiffs' descriptions of themselves and the putative class members in Paragraph 28.

**Southern Has Discriminated Against Plaintiffs and All Members of the Class in Favor of the National Chains for Years**

29. Denied, except SGWS admits that it classifies off-premise retailers into various categories including "chain" and "broadmarket," and that Plaintiffs are classified in the off premise "broadmarket" category.

30. Denied.

31. Denied, except SGWS admits that in or around March 2022, SGWS offered 750 ml bottles of Johnnie Walker Black at a price of $22.25 under certain deal types available in California.

32. Denied, except SGWS admits that in or around March 2022, SGWS offered 750 ml bottles of Grey Goose vodka at a price of $25.08 under certain deal types available in California.

33. Denied, except SGWS admits that in or around May 2022, SGWS offered 750 ml bottles of Absolut Vodka at a price of $13.83 under certain deal types available in California, and admits that in or around May 2022, SGWS offered 750 ml bottles of Jagermeister at a price of $18.89 under certain deal types available in California.

34. Denied, except SGWS lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the price offered by Costco for half-gallon bottles of Jim Beam in March 2022 in California.

35. Denied.

36. Denied.

37. The second sentence of Paragraph 37 purports to state a legal conclusion, to which no response is required. To the extent a response is required, SGWS denies the allegations in the second sentence of Paragraph 37, except refers to Cal. Bus. & Prof. Code § 17043 for a full and accurate recitation of its contents. SGWS denies the remaining allegations contained in Paragraph 37.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## CLASS ACTION ALLEGATIONS

42. Paragraph 42 contains a description of this litigation and of the putative class, to which no response is required. To the extent a response is required, SGWS denies the allegations contained in Paragraph 42, and denies that this case is appropriate for class treatment.

43. Paragraph 43 contains a description of this litigation and of the putative class, to which no response is required. To the extent a response is required, SGWS denies the allegations contained in Paragraph 43, and denies that this case is appropriate for class treatment.

44. Paragraph 44 contains a description of the putative class, to which no response is required. To the extent a response is required, SGWS denies the allegations contained in Paragraph 44, and denies that this case is appropriate for class treatment.

45. Paragraph 45 purports to state a legal conclusion, to which no response is required. To the extent a response is required, SGWS denies the allegations contained in Paragraph 45, and denies that this case is appropriate for class treatment.

46. The first sentence of Paragraph 46 purports to state a legal conclusion, to which no response is required. To the extent a response is required, SGWS denies the allegations contained in the first sentence of Paragraph 46, and denies that this case is appropriate for class treatment. SGWS denies the remaining allegations contained in Paragraph 46, except admits that there are hundreds of liquor stores classified as off premise "broadmarket" in California.

47. Paragraph 47 purports to state a legal conclusion, to which no response is required. To the extent a response is required, SGWS denies the allegations contained in Paragraph 47, and denies that this case is appropriate for class treatment.

SGWS' ANSWER TO PL. M&Y FAMILY, INC.'S SECOND AMENDED CLASS ACTION COMPLAINT
Case No. 8:22-cv-01187-FWS-ADS

## FIRST CLAIM FOR RELIEF
### (Robinson-Patman Act, 15 U.S.C § 13(a))

48. SGWS re-incorporates all the responses in the preceding paragraphs as if fully set forth herein.

49. Denied.

50. Denied.

51. Denied, except SGWS lacks sufficient knowledge or information to form a belief as to the truth of Plaintiffs' descriptions of themselves and the putative class members contained in Paragraph 51.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. SGWS denies the allegations contained in Paragraph 57 and denies that Plaintiffs are entitled to any relief.

58. SGWS denies the allegations contained in Paragraph 58 and denies that Plaintiffs are entitled to any relief.

## SECOND CLAIM FOR RELIEF
### (Robinson-Patman Act, 15 U.S.C § 13(e))

59. SGWS re-incorporates all the responses in the preceding paragraphs as if fully set forth herein.

60. Denied.

61. The allegations in Paragraph 61 constitute a legal conclusion to which no response is required. To the extent a response is required, SGWS admits that SGWS provides merchandising to retailers, as permitted and to the extent allowed by state and federal law governing the beverage alcohol industry, and denies the remaining allegations contained in Paragraph 61.

62. Denied.

63. SGWS denies the allegations in Paragraph 63 and denies that Plaintiffs are entitled to any relief.

64. SGWS denies the allegations in Paragraph 64 and denies that Plaintiffs are entitled to any relief.

## THIRD CLAIM FOR RELIEF
### (California Unfair Practices Act, Cal. Bus. & Prof. Code § 17045)

65. SGWS re-incorporates all the responses in the preceding paragraphs as if fully set forth herein.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. SGWS denies the allegations in Paragraph 70 and denies that Plaintiffs are entitled to any relief.

71. SGWS denies the allegations in Paragraph 71 and denies that Plaintiffs are entitled to any relief.

## FOURTH CLAIM FOR RELIEF
### (California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.)

72. SGWS re-incorporates all the responses in the preceding paragraphs as if fully set forth herein.

73. Denied.

74. SGWS denies the allegations in Paragraph 74 and denies that Plaintiffs are entitled to any relief.

## PRAYER

SGWS states that the allegations contained within Plaintiffs' Prayer constitute legal conclusions to which no response is required. To the extent a response is

required, SGWS denies the allegations contained within Plaintiffs' Prayer and further denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

SGWS submits the following affirmative defenses to the allegations and claims Mike's Liquor & Market ("Mike's") asserts in the Second Amended Class Action Complaint. By pleading these defenses, SGWS does not assume the burden of proof, except as to those defenses deemed by law to be affirmative defenses, irresponsive of how they are pleaded in this Answer. SGWS reserves the right to supplement and/or modify any of its affirmative defenses.

### First Affirmative Defense
### Cost Justification

To the extent any pricing, discounts, rebates, or other promotional allowances were provided to any third parties, such discounts and rebates were provided based on differences in the cost of manufacture, sale, or delivery of the goods resulting from the differing methods or quantities in which such goods were sold or delivered. Any differences in SGWS's prices between "chain" and "broadmarket" retailers reflect differences in SGWS's costs to sell to each retailer segment. Generally, the cost differences between "chain" and "broadmarket" retailers consist of two primary components: (1) post-sale rebates and discount support from suppliers, operationalized as reductions in SGWS's cost of sales; and (2) operating costs, including delivery, warehouse, occupancy, and selling costs.

### Second Affirmative Defense
### Meeting Competition

To the extent any pricing, discounts, rebates, or other promotional allowances were provided to any third parties, such discounts and rebates were offered in good faith to match the prices offered by SGWS's competitors offering substantially similar products. As an intermediary in a two-sided market, SGWS faces strong competitive pressures from rival distributors for upstream supplier relationships and

downstream retailer relationships. On the upstream side, suppliers scrutinize SGWS's performance, including with respect to depletion goals and point of distribution goals. If suppliers are dissatisfied with SGWS's performance, they can and do switch to rival distributors. On the retailer side, SGWS's pricing structure must satisfy the needs of retailers. If SGWS fails to do so, retailers may purchase less of SGWS's products or cease selling them altogether in favor of products from rival distributors.

### Third Affirmative Defense

### Functional Discounts

Should the Court conclude that SGWS bears the burden of proof regarding this affirmative defense, *but see Am. Booksellers Ass'n, Inc. v. Barnes & Noble, Inc.*, 135 F. Supp. 2d 1031, 1058 (N.D. Cal. 2001) (citing *Texaco Inc. v. Hasbrouck*, 496 U.S. 543, 561 n.18 (1990)), the challenged pricing, discounts, rebates, and other promotional allowances SGWS provided were justified as functional discounts. SGWS provided such discounts to chain buyers in exchange for performance of certain functions for SGWS's products, including but not limited to, valuable advertising and marketing services.

### Fourth Affirmative Defense

### Functional Availability

Should the Court conclude that SGWS bears the burden of proof regarding this affirmative defense, *but see Mathew Enter., Inc. v. Chrysler Grp., LLC*, 738 F. App'x 569, 571 (9th Cir. 2018), the challenged pricing, discounts, rebates, and other promotional allowances were functionally available to Mike's. Mike's was able to obtain the pricing, discounts, rebates, or promotional allowances because any prevailing discount or promotional offer in the marketplace is made available to every qualifying retailer. Additionally, SGWS creates discount programs that are designed to benefit "broadmarket" retailers. For example, only "broadmarket" retailers typically take advantage of small quantity "mix-and-match" promotions, as

such retailers typically have more flexibility to purchase a wide variety of SKUs to take advantage of attractive deals.

### Fifth Affirmative Defense
### Twenty-First Amendment

Plaintiffs' claims are barred in whole or in part by the operation of the Twenty-First Amendment, which "grants the States virtually complete control over whether to permit importation or sale of liquor and how to structure the liquor distribution system," complete with "substantial discretion to establish other liquor regulations." *Cal. Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 110 (1980); *see also, e.g.*, Cal. Bus. & Prof. Code § 23673.

### Sixth Affirmative Defense
### Statute of Limitations

To the extent Mike's seeks to assert any damages or other remedies beyond the applicable statute of limitations for any of its claims, such damages are time-barred.

### Seventh Affirmative Defense
### Changed Conditions

To the extent any challenged pricing, discounts, rebates, or other promotional allowances were provided to any third parties, the differences were a result of changing conditions in the market or marketability of goods.

### Eighth Affirmative Defense
### Good Faith

The claims asserted in the Second Amended Class Action Complaint are barred, in whole or in part, because the acts or omissions alleged to have been committed by SGWS, if any, were lawful, and were carried out in good faith and for legitimate business and economic considerations. SGWS's allegedly different pricing, discounts, rebates, and other promotional allowances to different customers

13

were determined in good faith and were justified by those customers' unique businesses.

### Ninth Affirmative Defense

### Fair and Lawful Competition

The claims asserted in the Second Amended Class Action Complaint are barred, in whole or in part, because the acts or omissions alleged to have been committed by SGWS, if any, were not unlawful, unfair, or fraudulent. SGWS is permitted to engage in fair competition.

### Tenth Affirmative Defense

### Damages Too Speculative and Remote

The claims asserted in the Second Amended Class Action Complaint are barred, in whole or in part, because the damages sought are too speculative and remote. Mike's alleges that it was damaged by "losing customers," "making lower profits," and "selling lower volumes" (¶¶ 40, 56, 69), but there are no facts alleging who those purported customers are, how much lost sales those customers represented, whether they came back, or how much was lost as a result of the lower profits and volumes.

### Eleventh Affirmative Defense

### Failure to Mitigate

The claims asserted in the Second Amended Class Action Complaint are barred, in whole or in part, by Mike's failure to mitigate damages. Mike's does not allege that it attempted to mitigate purported lost sales and profits in any way, including, but not limited to, by doing more advertising, charging a lower mark-up, or offering additional services to customers.

### Twelfth Affirmative Defense

### Fault of Third Parties

The claims asserted in the Second Amended Class Action Complaint are barred, in whole or in part, due to the fault of one or more parties not named in this action.

### Thirteenth Affirmative Defense

### Mike's Acts or Omissions

The claims asserted in the Second Amended Class Action Complaint are barred, in whole or in part, because any alleged damages were caused, in whole or in part, by Mike's own acts or omissions.

### Fourteenth Affirmative Defense

### Class Action Waiver

The claims asserted in the Second Amended Class Action Complaint are barred, in whole or in part, by Mike's contracts with SGWS, including any representations, acknowledgements, and agreements to not participate in any claim as a class representative or as a class member.

### Fifteenth Affirmative Defense

### Improper Venue

The claims asserted in the Second Amended Class Action Complaint should be transferred for the convenience of parties and witnesses, in the interest of justice, in whole or in part, including because SGWS's principal place of business is in Miami, Florida. Moreover, transfer is required under Mike's contracts with SGWS, including any representations, acknowledgements, and agreements to bring these claims in federal courts of the United States or the courts of the State of Florida in each case located in the City of Miami and County of Miami-Dade.

### Sixteenth Affirmative Defense

### Abstention

Mike's remedy of injunction is barred because such a remedy would require substituting court judgment and oversight for that of a regulatory agency.

### Seventeenth Affirmative Defense

### Failure to State a Claim

Taking the price differentials alleged in the operative complaint at face value, they do not entitle Plaintiffs to an inference of competitive harm under *FTC v. Morton Salt Co.*, 334 U.S. 37 (1948). To obtain such an inference, Plaintiffs must come forward with "proof of a substantial price discrimination between competing purchasers over time." *See Falls City Indus., Inc. v. Vanco Beverage, Inc.*, 460 U.S. 428, 435 (1983). The focus of this analysis is on "the existence and degree of actual competition among different purchasers"—in other words, "the number of instances in which [a disfavored] and a favored purchaser competed head-to-head." *Cash & Henderson Drugs, Inc. v. Johnson & Johnson*, 799 F.3d 202, 210 (2d Cir. 2015); *see also United Magazine Co. v. Curtis Circulation Co.*, 279 F. App'x 14, 17 (2d Cir. 2008) ("Absent actual competition with a favored purchaser, a plaintiff alleging a secondary-line Robinson-Patman injury cannot establish the competitive injury required under the Act."). Among other things, Plaintiffs do not allege the amount of liquor they—or "national chains"—purchased, either in the aggregate or on specific occasions; Plaintiffs do not allege the specific dates of all such purchases; Plaintiffs do not allege the specifics of the contracts entered into either by themselves or "national chains" with SGWS; Plaintiffs do not specifically explain how any discounts or rebates were "kept secret" from them; and Plaintiffs do not explain how prices, output, or quality in any relevant market were harmed. For these reasons, and others, Plaintiffs fail to state a claim on which relief could be granted.

**Jury Trial Demanded**

SGWS hereby demands a trial by jury on all triable issues.

**PRAYER**

WHEREFORE, SGWS respectfully prays as follows:

A. That the Second Amended Class Action Complaint be dismissed for lack of subject-matter jurisdiction;

B. That the Second Amended Class Action Complaint be dismissed with prejudice;

C. That Plaintiffs' request for class treatment under Fed. R. Civ. P. 23(b)(2)-(3) be denied with prejudice;

D. That the Court award SGWS its costs and expenses, including attorneys' fees;

E. That the Court enter judgment in favor of SGWS; and

F. That the Court award further relief as deemed just and proper.

| | | |
|---|---|---|
| Dated: October 31, 2024 | | DAVIS POLK & WARDWELL LLP |
| | By: | /s/ Neal Potischman |
| | | Ashok Ramani (SBN 200020) |
| | | ashok.ramani@davispolk.com |
| | | Neal Potischman (SBN 254862) |
| | | neal.potischman@davispolk.com |
| | | Serge A. Voronov (SBN 298655) |
| | | serge.voronov@davispolk.com |
| | | 1600 El Camino Real |
| | | Menlo Park, California 94025 |
| | | Tel:   (650) 752-2000 |
| | | Fax:  (650) 752-2111 |
| | | |
| | | KIRKLAND & ELLIS LLP |
| | | Tammy A. Tsoumas (SBN 250487) |
| | | ttsoumas@kirkland.com |
| | | 2049 Century Park East, Suite 3700 |
| | | Los Angeles, California 90067 |
| | | Tel:   (310) 552-4334 |
| | | |
| | | *Counsel for Defendant* |
| | | *Southern Glazer's Wine and Spirits, LLC* |